UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TYRONE SIMMONS,                                      :
                                                     :
                            Plaintiff,               :
                                                     :          **SUMMARY ORDER**
            -against-                                :
                                                     :          10-CV-5815 (DLI) (RER)
WILLIAM C. STANBERRY, JR., *et al.*,                 :
                                                     :
                            Defendants.              :
------------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff seeks an entry of default against defendant William Stanberry and the entity that he is alleged to control, Apex Productions, LLC, d/b/a Apex Productionz (collectively, the "Stanberry Defendants"). Plaintiff alleges violations of the Copyright Act of 1976 (the "Copyright Act"), as well at a state law claim for breach of contract. On April 4, 2011, this Court dismissed counts I, IV, V, and V of Plaintiff's complaint against the other named defendants. (*See* Mem. and Order, Doc. Entry No. 30 ("April 4, 2011 Order").) On March 23, 2012, this Court directed Plaintiff to show cause by April 2, 2012, why: (1) this action should not be dismissed for failure to prosecute; (2) the copyright claims against the Stanberry Defendants should not be dismissed as untimely under the Copyright Act; and (3) the state law claims against the Stanberry Defendants should not be dismissed on preemption grounds. This Summary Order assumes familiarity with the April 4, 2011 Order. For the reasons set forth below, the Court now dismisses all remaining counts against the Stanberry Defendants.

**DISCUSSION**

Plaintiff's memorandum of law in opposition to the Court's order to show cause and in support of an entry of default, received on April 2, 2012, fails to demonstrate that his claims under the Copyright Act are timely. For the same reasons discussed in the April 4, 2011 Order,

Plaintiff's copyright claims against the Stanberry Defendants were similarly not brought within the prescribed three-year statute of limitations. (*See* April 4, 2011 Order at 4-7.)[1] Counts I and II of Plaintiff's complaint, as to the Stanberry Defendants, are dismissed.

In accordance with this Court's March 23, 2012 Memorandum and Order, Plaintiff concedes in his April 2, 2012 submission that his state law claims for unjust enrichment and unfair competition are preempted by federal law and voluntarily dismissed these claims. Counts IV, V, and VI of Plaintiff's complaint, as to the Stanberry Defendants, are dismissed.

Count III of Plaintiff's complaint, a state law claim for breach of contract, is also dismissed, as it is preempted by the Copyright Act. "Section 301 of the Copyright Act expressly preempts a state law claim only if (i) the work at issue 'come[s] within the subject matter of copyright' and (ii) the right being asserted is 'equivalent to any of the exclusive rights within the general scope of copyright.'" *Forest Park Pictures v. Universal TV Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (quoting 17 U.S.C. § 301). A state law claim meets this equivalency requirement "if it may be abridged by an act which, in and of itself, would infringe one of the exclusive rights." *Id.* at 430 (internal quotation omitted). "'But if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action,' there is no preemption." *Id.* (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)).

---

[1]     Plaintiff's reliance on *Morris v. Business Concepts, Inc.*, 259 F.3d 65 (2d Cir. 2001) in his latest submission is misguided, as the *Morris* court's conclusion that Section 101 of the Copyright Act "cannot be read to mean that an owner of an exclusive right is also, thereby, an owner of the underlying copyright" for the purposes of copyright registration under 17 U.S.C. § 411(a) is neither relevant to the question before this Court nor at odds with this Court's prior rulings. As the *Morris* court noted, "[u]nder Section 101's definition, 'an exclusive licensee may be regarded as the copyright owner of the rights thus licensed.'" *Morris*, 259 F.3d at 70 (citing 17 U.S.C. § 101). Here, the backbone of Plaintiff's claim is not the "nature, extent or scope of copying," which would be in the mold of an infringement action, but is instead centered on Plaintiff's ownership interest in the exclusive license, which amounts to an ownership claim.

In asserting his claim for breach of contract, Plaintiff alleges that the Stanberry Defendants "knowingly breached the terms of the License Agreement by selling, granting and/or otherwise transferring rights in the *I Get Money Instrumental* to one or more of the defendants named herein, contrary to the contractual right of Simmons under the License Agreement." (Compl. ¶ 95.). Plaintiff further alleges that the Stanberry Defendants "also breached the License Agreement [by] actively permitting [the other named defendants] to infringe Simmons' copyrights under the License Agreement." (*Id.* ¶ 96.)

Here, Plaintiff's breach of contract claims does no more than allege Plaintiff's right to protect against the unauthorized use, reproduction, adaptation, and distribution of the work in question, which plainly falls within the general scope requirement of 17 U.S.C. § 106. Plaintiff's breach of contract claim consists of no extra element, such as a promise to pay, that would make the claim qualitatively different from a federal copyright claim. *See Forest Park Pictures*, 683 F.3d at 432. In *Forest Park Pictures*, the Second Circuit expressed that a claim for the breach of a contract that includes a promise to pay is qualitatively different from a suit to vindicate a right included in the Copyright Act, because "[t]he alleged contract does not simply require [the defendant] to honor [the plaintiff's] exclusive rights under the Copyright Act." *Id.* at 432-433; *see also Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 457-458 (6th Cir. 2001) (holding that the promise of payment in a contract claim provides the "extra element" necessary to avoid preemption as opposed to a contract claim that "depends on nothing more than the unauthorized use of the work"; 5 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 19D.03[C][2] (suggesting that a contract that "does not purport to give [the plaintiff] any protection beyond that provided . . . by copyright law itself" would be preempted). Here, there is no extra element that removes Plaintiff's claim from the domain of federal law. Accordingly,

Plaintiff's breach of contract claim satisfies the general scope requirement of 17 U.S.C. § 301 and is preempted. Count III of Plaintiff's complaint is dismissed.

## CONCLUSION

For the reason set forth above, Plaintiff's action is hereby dismissed in its entirety with prejudice.


SO ORDERED.

Dated: Brooklyn, New York
      July 22, 2014

                               _____/s/_____
                                      DORA L. IRIZARRY
                               United States District Judge